UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA J. CANFIELD et. al.,

    Plaintiffs,                                    Case No. 1:12-cv-162

v.                                                HON. JANET T. NEFF

ROBERT MEYER, JR. et al.,

    Defendants.
_____/

**OPINION**

Pending before the Court is a Motion to Set Aside Defaults under FED. R. CIV. P. 55(c) filed by Defendants Robert Meyer, Jr. and Four Seasons Ford Lincoln Mercury of Cadillac, Inc. (Dkt 46) Plaintiffs have filed a Response in opposition (Dkt 49). Having reviewed the parties' submissions and considered the case circumstances, the Court grants the Motion.

Plaintiff Barbara Canfield ("Plaintiff") filed this employment/sex discrimination action against Defendants on February 23, 2012. This case has been heavily litigated since its inception, and is one of several lawsuits between these parties and others after a joint business venture in a Cadillac, Michigan auto dealership soured, and Plaintiff was allegedly forced out of the business.

After this Court denied Defendants' motion to abstain in favor of the parties' pending state court litigation, on January 22, 2013, Plaintiff filed a First Amended Complaint (Dkt 36), which added Plaintiff Howard Canfield, additional Defendants and general allegations, and thirteen counts duplicative of those in pending state court lawsuits. The Court declined to exercise supplemental jurisdiction over the added state law claims, and dismissed without prejudice all state law claims

except the discrimination claims in Counts II and IV of Plaintiff's First Amended Complaint (Dkt 41).

Defendants, apparently assuming this case was in a pre-amended complaint-posture from a claim standpoint, failed to timely answer or otherwise respond to the First Amended Complaint as required under the federal rules. On March 26, 2013, the Court issued a notice of impending default (Dkt 42), notifying Plaintiffs that if they did not file a request for default by April 9, 2013, and Defendants had not filed a responsive pleading, the Court may enter default against Defendants pursuant to Federal Rule of Civil Procedure 55. Plaintiffs post-haste filed a request for a default with the Clerk, which was entered the next day, on March 27, 2013 (Dkt 44). Later on March 26, 2013, Defendants filed their Answer to the Amended Complaint (Dkt 45), and the following day, on March 28, 2013, filed the instant Motion to Set Aside the Default.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." In applying Rule 55(c), the Sixth Circuit Court of Appeals has noted it is important to distinguish between defaults and default judgments, with the former being granted more liberally. *United States v. Real Property & All Furnishings Known as Bridwell's Grocery & Video,* 195 F.3d 819, 820 (6th Cir. 1999) ("*Real Property*"). A "district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry." *Id.* (citations and internal quotations omitted). In fact, the Sixth Circuit has "indicated a 'strong preference for trials on the merits.'" *Id.* (quoting *Shepard Claims Serv., Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 193 (6th Cir. 1986)).

Three equitable factors are considered in determining whether "good cause" has been shown to set aside entry of a default: "'(1) whether culpable conduct of the defendant led to the default,

(2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced.'" *Burrell v. Henderson,* 434 F.3d 826, 831-32 (6th Cir. 2006) (quoting *Waifersong, Ltd. v. Classic Music Vending,* 976 F.2d 290, 292 (6th Cir. 1992) (citation omitted)); *see also O.J. Distrib., Inc. v. Hornell Brewing Co., Inc.*, 340 F.3d 345, 353 n.3 (6th Cir. 2003).[1] "To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Shepard Claims,* 796 F.2d at 194. "[A] district court abuses its discretion in denying a motion to set aside an entry of default when two of the three factors have been demonstrated by the defendant: the defendant had a meritorious defense and no prejudice would result to the plaintiff if the matter were to go forward." *O.J. Distrib.,* 340 F.3d at 353.

The Court need not review the litigation history between these parties to conclude that these default proceedings are another instance of the parties' and/or counsel's ill-conceived efforts to out-gamesmanship each other at the expense of Court time and resources. The parties, along with others, are clearly involved in multitudinous contentious litigation in state court as well as this Court. In denying Defendants' earlier Motion to Abstain in favor of the state lawsuits between the parties, the Court emphasized that the state law claims were clearly distinct, and joining those claims with the discrimination claims in this federal case would unnecessarily complicate the cases and be unduly burdensome for trial. Any subsequent attempt to expand this case to include the clearly distinct state-law claims between the parties, as by Plaintiffs' First Amended Complaint, flies in the

---

[1] The test is also stated as whether: "'(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious.'" *O.J. Distrib., Inc.,* 340 F.3d at 353 (quoting *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (6th Cir. 1983) (citations omitted)).

face of the Court's rulings. Likewise, Defendants' ample attention to this case to further their own needs, but lack of oversight otherwise, is equally disconcerting.

The discrimination claims before this Court will be fairly heard, but procedural maneuvering or lack of oversight that disrupts the orderly progress of this case and requires constant supervision of the Court will not be permitted. The Court is fully persuaded that the "good cause" factors for setting aside the default are met. Defendants' failure to respond to the First Amended Complaint does not reflect an intent to thwart judicial proceedings or a reckless disregard for the effect of their conduct on these proceedings; Defendants have set forth a meritorius defense; and Plaintiffs can hardly claim prejudice. This case should be litigated on the merits. Accordingly, Defendants' Motion is granted, and the default shall be set aside.

Counsel for both parties on placed on notice that they shall diligently and properly litigate this case as officers of the Court going forward. The Court will not hesitate to consider sanctions for failure to heed the Court's admonitions to proceed in an orderly, straightforward manner.

An Order consistent with this Opinion will be entered.


Dated: April 30, 2013                                    /s/ Janet T. Neff
                                                         JANET T. NEFF
                                                         United States District Judge